# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BARNES,<br><br>                  Petitioner,<br><br>vs.<br><br><br>R. CAMPBELL, Warden, et al.,<br><br>                  Respondents. | Civil No. 06cv1849-BTM (PCL)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AND DECLINING TO ADOPT IN PART THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS;**<br><br>**(3) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; AND**<br><br>**(4) ISSUING A CERTIFICATE OF APPEALABILITY** |

     Petitioner is a California prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondent Warden R. Campbell moves to dismiss the Petition on the basis it was filed after expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. No. 13.)

     Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Peter C. Lewis which recommends granting Respondent's Motion to Dismiss. (Doc. No. 18.) The Magistrate Judge found that statutory tolling applied for the time Petitioner was pursuing one complete round of state post-conviction collateral

review, and that 108 days remained on the one-year limitations period when statutory tolling ended on June 22, 2005. (R&R at 4-5.) The Magistrate Judge also found that because Petitioner had provided documentary evidence showing he had attempted to obtain access to his legal materials while housed at Mule Creek State Prison, equitable tolling was likely available from March 29, 2006, the date Petitioner was transferred to Mule Creek, until May 27, 2006, when Petitioner states that he was given access to his legal materials. (R&R at 10-11.) The instant Petition was constructively filed 101 days later, on September 5, 2006. (R&R at 7.) However, the Magistrate Judge found that the Petition was untimely because equitable tolling was unavailable from January 7, 2005 to March 29, 2006, the time Petitioner alleges he did not have access to his legal materials while housed in the administrative segregation unit at Salinas Valley State Prison, because Petitioner had failed to provide documentary evidence that he diligently sought access to his legal documents while in administrative segregation, and did not allege facts demonstrating that lack of access to the prison's allegedly inadequate law library prevented him from filing his federal Petition. (R&R at 6-10.) Petitioner has filed objections to the R&R, which includes his declaration supporting the assertion that denial of access to his legal papers and denial of access to an adequate law library while housed at Salinas Valley State Prison prevented him from filing his federal Petition on time. (Doc. No. 25.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the following reasons, the Court adopts in part and declines to adopt in part the findings and conclusions of the Magistrate Judge as set forth below, grants Respondent's Motion to Dismiss, dismisses the Petition as untimely, and issues a Certificate of Appealability.

The Court adopts the Magistrate Judge's finding regarding commencement of the one-year statute of limitations. Petitioner's conviction became final by the conclusion of direct review on April 15, 2003, the last day he could have filed a petition for writ of certiorari in the

United States Supreme Court following the January 15, 2003 denial of his petition for review by the state supreme court. See 28 U.S.C. § 2244(d)(1)(A). The statute of limitations began to run the next day, on April 16, 2003. (R&R at 5.)

Petitioner allowed 257 days to elapse before filing his first post-conviction application for collateral relief, a habeas petition filed in the state superior court on December 29, 2003. (Lodgment No. 7.) The superior court denied the petition in a 21-page order filed March 16, 2004, in which the court reached the merits of the claims but only after noting that the petition was untimely. (Lodgment No. 8.) Petitioner filed a habeas petition in the state appellate court 51 days later, on May 6, 2004. (Lodgment No. 9.) The appellate court denied the petition in a 2-page order filed June 17, 2004, reaching the merits of some claims and denying other claims on procedural grounds, but without reference to the timeliness of the petition.[1] (Lodgment No. 10.) Petitioner filed a habeas petition in the state supreme court 34 days later, on July 21, 2004. (Lodgment No. 11.) The state supreme court denied the petition in an order filed June 22, 2005, which stated in full: "Petition for writ of habeas corpus is DENIED." (Lodgment No. 12.)

Respondent conceded, and the Magistrate Judge found, that Petitioner was entitled to statutory tolling of the limitations period for the entire time he was pursuing one complete round of state habeas proceedings, beginning on December 29, 2003, and ending on June 22, 2005. (R&R at 4-5.) The Court declines to adopt this finding. The superior court, although denying the claims presented in the habeas petition on their merits, rejected Petitioner's excuse for the delay in filing the petition (that the delay was caused by his appellate counsel's failure to raise the claims on direct appeal), and stated: "Petitioner substantially delayed filing this petition even after the resolution of his final appeal, i.e., 12 months. Petitioner did not timely file this petition for writ of habeas corpus." (Lodgment No. 8 at 5.)

The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214

---

[1] Petitioner argued to the superior court that "Any delay is due to Appellate Counsel's failure to raise the instant claims on direct appeal." (Lodgment No. 7 at 6.) He added the phrase "and the continual facility lockdowns with no meaningful access to the facility law library" to that excuse when presenting his subsequent habeas petitions in the state appellate and supreme courts. (Lodgment No. 9 at 6; Lodgment No. 11 at 6.)

(2002), the Court held that the time between the denial of a petition in a lower California court and the filing of a subsequent petition in the next higher state court does not toll the statute of limitations (i.e., an application for post-conviction relief is not "pending" during the interstitial periods while one is pursuing a full round of state collateral review) if the petition is ultimately found to be untimely. Id. at 223-26. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration (i.e., an application for post-conviction relief is not "properly filed") if it is untimely. Id. at 413-14. In Evans v. Chavis, 546 U.S. 189 (2006), the Court held that in the absence of a clear indication by the state supreme court that a petition is untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Id., at 198.

The state superior court specifically found that the habeas petition was untimely. After discussing California law regarding timeliness and the procedural history of Petitioner's appeal, the court stated:

> Petitioner states, "Any delay is due to Appellate Counsel's failure to raise the instant claims on direct appeal." Petitioner fails to allege facts showing when he learned the facts supporting his claim or that he was unaware of appellate counsel's failure to raise the instant claims on appeal. Therefore, petitioner should have brought this petition soon after he filed his appeal. Petitioner substantially delayed filing this petition even after the resolution of his final appeal, i.e., 12 months. Petitioner did not timely file this petition for writ of habeas corpus.

(Lodgment No. 8 at 5.)

The superior court habeas petition does not provide a basis for statutory tolling irrespective of the fact that the superior court also reached the merits of the claims. Pace, 544 U.S. at 413-14 ("What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (concluding that under Pace, "if the petition was untimely under California law, it was never properly filed," and rejecting the proposition that statutory tolling is available when the state court denies a post-conviction petition both on the merits and as untimely), as amended, 439 F.3d 993, cert. denied, 127 S.Ct. 132 (2006), citing Saffold, 536 U.S. at 225-26. As such, the earliest statutory tolling could possibly have begun

1 was May 6, 2004, the day Petitioner filed a habeas petition in the state appellate court. However, the limitations period had already expired on April 16, 2004. Thus, statutory tolling is unavailable and the instant federal Petition is untimely. The fact that Respondent incorrectly conceded that statutory tolling was available does not prevent the Court from dismissing the Petition on this basis. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.")

The Magistrate Judge next found that equitable tolling was not appropriate because Petitioner had failed to adequately substantiate his allegations. (R&R at 8-11.) The Court declines to adopt this finding. See Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good faith *allegation that would, if true*, entitle him to equitable tolling.'"), quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003). However, even assuming equitable tolling is available for the entire time Petitioner contends he was denied access to his legal papers, from January 7, 2005, when he was placed in administrative segregation, until May 27, 2006, the statute of limitations expired on April 16, 2004, at a time when Petitioner had access to his legal files and was actively litigating his untimely state habeas petitions.

## CONCLUSION AND ORDER

The Court **ADOPTS** in part and **DECLINES** to adopt in part the findings and conclusions of the Magistrate Judge as set forth in this Order, **GRANTS** Respondent's Motion to Dismiss, and **DISMISSES** the Petition as untimely pursuant to 28 U.S.C. § 2244(d). The Court **ISSUES** a Certificate of Appealability. See Lambright v. Stewart, 220 F.3d 1022, 1026-27 (9th Cir. 2000).

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 26, 2007

Honorable Barry Ted Moskowitz
United States District Judge